**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DIANA M. ZAMARRIPA, | DOCKET NUMBER |
| Appellant, | DA-0752-18-0058-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: August 21, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Benjamin Wick, Esquire, Denver, Colorado, for the appellant.

Julianne Kelly-Horner, Esquire, and Ryan W. Thornton, Esquire, Laredo, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed as a Supervisory Border Patrol Agent for the U.S. Customs and Border Protection (CBP) in Laredo, Texas. Initial Appeal File (IAF), Tab 7 at 15. On November 23, 2015, the agency's Office of Inspector General (OIG) began an investigation into the appellant based on an internal complaint that she was "associating with known criminals." *Id*. at 25-26. The investigation culminated in a Report of Investigation (ROI), which concluded, among other things, that the appellant conducted unauthorized database searches of friends and a family member and that, during the investigation, she was not forthcoming regarding previous background checks. *Id*. at 26-27. Subsequently, the agency proposed her removal based on the charges of lack of candor (9 specifications) and misuse of government information systems (48 specifications). *Id*. at 15-22. The appellant replied to the notice of proposed removal, IAF, Tab 8 at 122-31, Tab 10 at 5, and on October 16, 2017, the deciding official issued a final decision removing her from Federal service, IAF, Tab 10 at 6-8.

The appellant appealed her removal to the Board, arguing that the allegations against her were not supported by evidence and that the penalty of

removal was unreasonable and the result of discrimination and retaliation for engaging in equal employment opportunity (EEO) activity. IAF, Tab 1 at 7. She also argued that the agency violated her due process rights because the deciding official considered ex parte communications in deciding the penalty. IAF, Tab 18 at 6, Tab 30 at 2. Following a hearing, IAF, Tab 44, Hearing Compact Disc (HCD), the administrative judge issued an initial decision sustaining both charges, finding that the appellant failed to prove her affirmative defenses, and determining that the penalty of removal was reasonable and promoted the efficiency of the service, IAF, Tab 46, Initial Decision (ID).

The appellant has filed a petition for review, arguing that the administrative judge improperly analyzed the agency's evidence to support its charges and that the penalty of removal was excessive. Petition for Review (PFR) File, Tab 3 at 6, 16-20. She also argues that the administrative judge erred in finding that the agency did not violate her due process rights and that the administrative judge abused her discretion in approving an agency witness to testify and in denying the

appellant's motions to compel. *Id*. at 6, 20-29. The agency has filed a response.[2] PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved its charge of misuse of government information systems.</u>

In the proposed notice of removal, the agency alleged that the appellant misused government information systems by conducting queries in law enforcement databases, including the Treasury Enforcement Communications System (TECS)—a database that contains sensitive information, including border crossing information and criminal histories of both people and license plates— that were not related to her official duties. IAF, Tab 7 at 15-20. The Automated Targeting System (ATS) is a tool that allows a user to conduct queries in TECS, including vehicle queries based on the entry of license plate information and queries of people based on the entry of a person's name. HCD. The appellant's removal was based on 48 instances of alleged misuse of these systems. *Id*.; IAF, Tab 7 at 16-20.

---

[2] The appellant filed her petition for review on May 31, 2018, PFR File, Tab 3, and the Board issued an acknowledgement order that same day informing the agency that any response or cross petition for review was due on or before June 25, 2018, PFR File, Tab 4. On July 25, 2018, the agency filed its response. PFR File, Tab 5. The Clerk of the Board issued an order informing the agency that its response appeared to be untimely filed. PFR File, Tab 7. The order provided the agency with an opportunity to submit a motion to accept the filing as timely or to waive the time limit and stated that the Board would not consider an untimely response absent a showing of good cause. *Id*.; *see* 5 C.F.R. § 1201.114(g). The agency responded stating that it experienced personnel changes in its office and that the due date for its response had been inadvertently miscalendared. PFR File, Tab 8. We find that this does not constitute good cause to excuse the untimely filing. *See Retzler v. Department of the Navy*, 114 M.S.P.R. 361, ¶¶ 4-5 (2010) (finding that the appellant's attorney's failure to note the filing deadline on his calendar did not establish good cause for a 2-month delay); *see also Jones v. U.S. Postal Service*, 86 M.S.P.R. 410, ¶ 6 (2000) (finding that confusion about the filing deadline did not establish good cause for a 1-month delay); 5 C.F.R. § 1201.114(g). Accordingly, we have not considered the agency's response to the appellant's petition for review. *See Goldstine v. Department of the Navy*, 47 M.S.P.R. 602, 605 (1991) (declining to consider the agency's response where it failed to submit a motion for a waiver showing good cause for an untimely filing).

To support these allegations, the agency presented screenshot printouts showing the searches of the people and license plate numbers detailed in the specifications and had a senior analyst testify regarding the database operations. IAF, Tab 8 at 12-36; HCD (testimony of the senior analyst). Conversely, the appellant denied ever being present at one of the locations displayed on a screenshot that the agency used to support one of the specifications. HCD (testimony of the appellant). Furthermore, although she admitted to conducting a search for two people discussed in the specifications, she contends that she did not actively search for others mentioned in the notice of proposed removal. *Id*. She further argued that, when she conducted searches of license plates belonging to people from her personal life, the system automatically conducted searches of the vehicles' registered owners. *Id*. The senior analyst who testified for the agency denied that the system generated automatic searches of vehicle owners after the entry of a license plate number, HCD (testimony of the senior analyst), but the administrative judge found that, due to the time stamps on the searches being within a minute of each other, the appellant's explanation was more likely than not the way the systems operated,[3] ID at 6-7.

Despite crediting the appellant's testimony regarding the automatic generation of searches stemming from a license plate query, ID at 7-8, the administrative judge found the agency's screenshot records showing the appellant's queries to be generally reliable and found that there was no official

---

[3] Because the administrative judge found that the alleged name searches were based on the same initial conduct as the license plate searches, she merged specifications 8-9, 11-12, 14-15, 17-18, 20, 22-23, 25-28, 30-31, 34, 41, 43, and 45-47 with the specifications alleging unauthorized license plate searches. ID at 6-8. The appellant has not challenged the administrative judge's decision to merge these specifications. PFR File, Tab 3. We have reviewed the substance of the allegations, and we find no error in the administrative judge's decision. *See Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 18 (2006) (finding that, when two charges are based on the same act of misconduct and proof of one charge automatically constitutes proof of the other, the charges should be merged), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009), *aff'd* 490 F. App'x 932 (10th Cir. 2012).

agency purpose for the queries, ID at 4-9 & n.3. Accordingly, the administrative judge found that the agency proved the charge.[4] ID at 9.

On review, the appellant again argues that the screenshots relied upon by the agency were inaccurate and that, regarding one of the specifications, she was never present at the location where one of the queries was allegedly made. PFR File, Tab 3 at 16-17. The administrative judge considered these arguments and found that any time and date inconsistencies were largely the result of a time zone difference, ID at 4-5 n.3, and that, even if the appellant was not present at the location derived from the corresponding screenshot, she nonetheless did not deny that she conducted the search of the person detailed in the specification, ID at 4-5. Thus, the administrative judge found that the agency proved the essence of that specification. *Id.*; (citing *Smith v. Department of Transportation*, 106 M.S.P.R. 59, ¶ 15 (2007)).

We agree with the administrative judge's well-reasoned conclusions regarding the appellant's arguments, and we find that the reiteration of those arguments in the appellant's petition for review amounts to nothing more than a disagreement with the administrative judge's findings. Accordingly, we find no basis to disturb the initial decision in that regard. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of

---

[4] The administrative judge did not sustain specification 39, which alleged that, on November 22, 2015, the appellant misused a government information system by conducting two queries of a vehicle with a specified license plate number, which were not related to her official duties. IAF, Tab 7 at 19. She found that the agency only established that the appellant conducted one of the queries, but not both. ID at 9. In addition, the administrative judge did not sustain specification 40, finding that it was redundant of specification 37. *Id.* However, the administrative judge properly sustained the charge despite the agency's failure to prove two of the 48 specifications. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (holding that when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).[5]

<u>The administrative judge did not err in finding that the appellant failed to prove that the agency violated her due process rights.</u>

The appellant argued below that the agency violated her due process rights when it failed to disclose information that the deciding official considered when determining the appropriate penalty. IAF, Tab 18 at 6, Tab 30 at 2. Although an appellant's right to due process can extend to ex parte information provided to a deciding official, only ex parte communications that introduce new and material evidence to the deciding official constitute due process violations. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). In deciding whether new and material information has been introduced by means of ex parte communications, the Board should consider the facts and circumstances of each particular case. *Stone*, 179 F.3d at 1377. Among the factors that will be useful for the Board to weigh are: (1) whether the ex parte communication merely introduces cumulative information or new information; (2)whether the employee knew of the error and had a chance to respond to it; and (3) whether the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Id*. Ultimately, the inquiry of the Board is whether the ex parte communication is "so substantial and so likely

---

[5] The lack of candor charge included in the proposal notice and final decision to remove the appellant from Federal service originated from the allegations contained in the misuse of government information systems charge. IAF, Tab 7 at 15-22. The appellant has also argued on review that, because the agency failed to meet its burden of proof on the misuse of government information systems charge, it also failed to prove the lack of candor charge. PFR File, Tab 3 at 16-18. We have already found that the agency met its burden on the misuse of government information systems charge and we therefore find the appellant's general challenge on review to the lack of candor charge to be without merit. Nonetheless, we have reviewed the specifications of that charge and the agency's evidence to support them, and we find no reason to disturb the administrative judge's conclusions. *See Crosby*, 74 M.S.P.R. at 105-06; *Broughton*, 33 M.S.P.R. at 359.

to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Id*.

On review, the appellant argues that the deciding official relied on several pieces of information that were not provided to her. PFR File, Tab 3 at 12-13, 25-29. Primarily, she claims that the deciding official improperly relied on the following information: several comparators whose information was not provided to her, the table of penalties, the agency's standards of conduct, an Analytical Management Systems Control Office (AMSCO) report which detailed allegations of misconduct against the appellant, and the deciding official's own personal experiences. *Id*. She also asserts that the deciding official was provided with additional information to which she was not privy, including an attachment to the AMSCO report which referenced criminal associations and identified the appellant, a two-page document that purports to list 60 unauthorized queries that the appellant conducted, additional TECS information, and an additional 600 pages of documents allegedly relied upon by the agency. *Id*.

In the initial decision, the administrative judge found no due process violation regarding the alleged ex parte information. ID at 17-23. Specifically, she noted that the appellant was on notice of the agency's reliance on its standards of conduct because the proposal notice referenced the relevant portions. ID at 19-20. Regarding the AMSCO report, the administrative judge found that, although it appeared that the deciding official had reviewed the report and the appellant was not provided with a copy of the report as a separate document, the information contained in the report was included in the agency's ROI, which the appellant did not dispute that she received. ID at 20. Accordingly, the administrative judge found that, although the document could be considered ex parte information, it did not rise to the level of a due process violation because the information was cumulative. *Id*.

On review, the appellant does not make any compelling argument directly challenging these findings. PFR File, Tab 3 at 27. We have reviewed the

relevant documents, and we agree with the administrative judge that the information contained in the agency's standards of conduct and in the AMSCO report was included in the proposal notice, rendering it cumulative. We further find that, because the relevant information was included in the proposal notice, the appellant had an opportunity to respond to it and she has not shown that the information placed undue pressure on the deciding official to rule in a particular manner. Accordingly, we agree with the administrative judge that the agency did not violate the appellant's due process rights regarding these documents. *See Stone*, 179 F.3d at 1377.

Regarding the comparator information and the table of penalties, which were both provided to the deciding official, the administrative judge found that there was no evidence that the deciding official considered this information as an aggravating factor in issuing the penalty of removal. ID at 21-22. We have reviewed the deciding official's testimony and the removal notice, IAF, Tab 10 at 7-8; HCD (testimony of the deciding official), and we agree with the administrative judge that there is no evidence that any comparator information or the table of penalties was considered by the deciding official as an aggravating factor, *cf. Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 7 (2012) (holding that, when an agency intends to rely on aggravating factors as the basis for the imposition of a penalty, such factors should be included in the advance notice of adverse action so that the employee will have a fair opportunity to respond to those factors before the agency's deciding official). Thus, to the extent the deciding official considered comparator information or the table of penalties in his penalty assessment, the information contained therein did not result in undue pressure on him to rule in a particular manner.[6] *See Stone*, 179 F.3d at 1377.

---

[6] The appellant argues that the deciding official received comparator information for employees charged with disreputable association, even though she was not charged with that conduct. PFR File, Tab 3 at 28-29. The administrative judge considered this argument and found that there was no evidence that the deciding official considered information about charges other than those set forth in the proposal notice. ID at 22 n.9. She reasoned that, although the agency's labor and employee relations specialist

The appellant also argues that the deciding official improperly relied upon his own experiences in considering her proposed removal. PFR File, Tab 3 at 27-28. Specifically, the appellant argues that the deciding official's admitted reliance on his 22 years of experience in the field of TECS usage was inappropriate ex parte information to which she did not have the opportunity to respond.[7] *Id.* However, the deciding official's reliance on his own experience does not constitute a due process violation under *Ward* and *Stone*. Although the Board has held that an agency may have committed a due process violation when information that is personally known to a deciding official is considered in issuing a final decision but was not included in a proposal notice, *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶ 9 (2014), the ex parte information at issue generally contemplates the *appellant's* circumstances, such as prior discipline or additional conduct that was not charged in the proposal notice, *see id.*, ¶ 10; *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 10 (2011). The information at issue here is the deciding official's own experiences and points of reference regarding the nature of the misconduct, rather than additional information about the appellant's circumstances of which the deciding official was independently aware, but not included in the proposal. HCD (testimony of the deciding official). Furthermore, although due process mandates that a proposal notice must be sufficiently detailed to provide a

---

testified that she provided comparator information on the charge of inappropriate association to the Disciplinary Review Board, she denied discussing those comparators with the deciding official. *Id.*

[7] The administrative judge considered this argument and found that there was no evidence of bias by the deciding official or any evidence that any particular aspect of his professional experience and background presented an intolerable risk of unfairness to the appellant. ID at 22-23 (citing *Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 30 (2016), *aff'd* 884 F.3d 1142 (Fed. Cir. 2018)). Although the administrative judge did not analyze this claim as a potential due process violation under *Ward* and *Stone* as set forth above, the outcome would be the same even if she had. Therefore, the appellant's rights are not prejudiced by the administrative judge's analysis of this due process argument. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

meaningful opportunity to respond, *Lamour v. Department of Justice*, 106 M.S.P.R. 366, ¶ 9 (2007), an agency is not required to provide notice of *all* circumstances that could conceivably be relevant to the penalty, *Douglas*, 5 M.S.P.R. at 304 n.65. Accordingly, we find that the appellant failed to prove that the agency committed a due process violation in this regard.

Lastly, the appellant argues that the deciding official considered numerous other documents, including an attachment to the AMSCO report which referenced criminal associations and identified the appellant, a two-page document that purports to list 60 unauthorized queries that the appellant conducted, additional TECS information, and an additional 600 pages of documents allegedly relied upon by the agency. PFR File, Tab 3 at 27-29. The administrative judge considered these arguments and found the attachment to the AMSCO report to be cumulative. ID at 20-21 n.7. She also found that, even though it appeared that the deciding official received and reviewed the two-page summary of additional unauthorized queries, there was no evidence that he considered it as an aggravating factor and that, in any event, the information contained in the summary was cumulative with the information provided to the appellant. ID at 21 n.8. On review, the appellant does not directly challenge these findings. PFR File, Tab 3 at 27. We have reviewed the documents and relevant testimony, and we find no error in the administrative judge's conclusions.

Further, although it appears that the administrative judge did not consider whether the additional documents constituted prohibited ex parte information, ID at 17-23, we have reviewed the record and find that the appellant failed to prove that the deciding official considered these additional documents as part of his penalty assessment or that the information contained therein was of the type that was likely to result in undue pressure upon the deciding official to rule in a particular manner, *see Stone*, 179 F.3d at 1377. Accordingly, we find that, even if the deciding official received ex parte information, the appellant failed to prove that it was so substantial and so likely to cause prejudice that no employee can

fairly be required to be subjected to a deprivation of property under the circumstances. *See id*.

<u>The administrative judge properly found that the penalty of removal is reasonable under the circumstances</u>.

On review, the appellant argues that the agency did not present sufficient evidence to explain why she was disciplined more harshly than certain other employees. PFR File, Tab 3 at 19. Under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981), "consistency of the penalty imposed with those imposed upon other employees for the same or similar offenses" is among the factors an agency should consider in setting the penalty for misconduct. To be considered similarly situated for purposes of penalty, a comparator's misconduct and/or other circumstances must closely resemble those of the appellant. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13. [8] For the reasons explained in the initial decision, we agree with the administrative judge that the proffered comparators were not similarly situated to the appellant for consistency of the penalty purposes. ID at 30-32.

<u>The administrative judge did not abuse her discretion when she approved an agency witness to testify or when she denied the appellant's motions to compel.</u>

The appellant argues on review that the administrative judge abused her discretion when she approved the agency's request to have the senior analyst testify and when she denied the appellant's motions to compel. PFR File, Tab 3 at 20-25. Regarding the approval of the senior analyst as an agency witness, the appellant argues that the agency failed to disclose to her in discovery the relevance of the senior analyst's testimony and that it might call him as a witness, despite including him on its list of witnesses in its prehearing submissions. *Id*. at 20. She further argues that, because she was unaware that the agency would call the senior analyst to testify, she did not seek in discovery any relevant

---

[8] Although the initial decision was issued prior to *Singh*, we find that the appellant's analysis was consistent with the Board's holdings in that decision. ID at 30-32.

information and documentation that the senior analyst might have possessed that was responsive to her discovery requests, nor did she take his deposition. *Id*.

In response to a proper and timely discovery request for a list of probable witnesses, the Board expects a party to respond with a complete list. If that party's prehearing submissions contain additional witnesses not previously identified in response to a proper and timely discovery request, the administrative judge should either deny those witnesses or otherwise ensure that no prejudice will result to the opposing party. In this case, the administrative judge found that the nature of the senior analyst's expected testimony was of a technical nature, such that, notwithstanding the agency's failure to identify him during discovery, the appellant would not be prejudiced if he were allowed to testify. IAF, Tab 30 at 4. We find no abuse of discretion in this ruling. We further observe that, to the extent that the administrative judge considered this witness's testimony, it was, consistent with her ruling, only for purposes of understanding how the ATS and TECS systems work. ID at 3, 4 n.3, 7, 8 n.2.

Regarding the appellant's argument that the administrative judge abused her discretion when she denied the appellant's motions to compel documents, the appellant specifically alleges on review that the abuse in discretion derived from the administrative judge's denial of the motions to compel due to the agency's claims of privilege. PFR File, Tab 3 at 22-24. The appellant argues that the agency withheld responsive documents based on a claim of privilege regarding comparator information, the draft proposal and decision letters, and redacted email communications. *Id*. at 23.

In the administrative judge's January 24, 2018 order addressing the appellant's motion to compel, she granted the appellant's request related to identifying potential comparator employees and denied a similar request because the agency had already supplemented its response. IAF, Tab 34 at 4-5. The administrative judge also granted the appellant's request for any and all documents and communications related to formal, informal, proposed, or

effectuated discipline against the appellant. *Id*. at 6. In this order, the administrative judge does not appear to have denied any of the appellant's requests based on the agency's claims of privilege.

The appellant filed a second motion to compel documents that were identified in a deposition. IAF, Tab 37. The administrative judge denied the motion as untimely, IAF, Tab 39; *see* 5 C.F.R. § 1201.73(d)(3), and the appellant requested reconsideration of that ruling because the case had been suspended during the relevant time period for a timely motion, IAF, Tab 40. The administrative judge denied the request for reconsideration, noting that a case suspension does not preclude the parties from filing motions through the Board's e-appeal system or otherwise. IAF, Tab 41; *see* 5 C.F.R. § 1201.28(b).

Because none of the orders denying the appellant's motions to compel discuss or rely on the agency's claim of privilege in their denials, we find no merit to the appellant's argument on review, and we find no abuse of discretion.

We have considered all of the appellant's arguments on review but have concluded that a different outcome is not warranted. Accordingly, we affirm the initial decision and deny the appellant's petition for review.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.